Michael Kind, Esq.
NV Bar No. 13903
**KAZEROUNI LAW GROUP, APC**
7854 W. Sahara Avenue
Las Vegas, NV 89117
Phone: (800) 400-6808 x7
FAX: (800) 520-5523
mkind@kazlg.com

David H. Krieger, Esq.
NV Bar No. 9086
**HAINES & KRIEGER, LLC**
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
dkrieger@hainesandkrieger.com

*Attorneys for Plaintiffs Michael Fielder,*
*Individually and on behalf of all others similarly situated*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Michael Fielder, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Financial Corporation of America,<br><br>Defendant. | **Case No.:** 2:16-cv-1941<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

# INTRODUCTION

1. Michael Fielder ("Plaintiff") bring this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Financial Corporation of America ("Defendant"), in negligently and knowingly contacting Plaintiffs on Plaintiffs' cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such *automated* or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12 (emphasis added); *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that *automated* or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call...." Id. at §§ 12-13. *See also, Mims*, 132 S. Ct. at 744 (emphasis added.).

5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

6. The Ninth Circuit affirmed certification of a TCPA class case similar to this one in *Meyer v. Portfolio Recovery Assocs., LLC*, 696 F.3d 943 (9th Cir. 2012).

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227; *Mims v. Arrow Fin. Servs. LLC*, 132 S. Ct. 740 (2012).

8. Venue is proper in the United States District Court for the District of Nevada pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendant, a corporation whose primary corporate address is in Clark County, Nevada, is subject to personal jurisdiction in Clark County, Nevada.

## PARTIES

9. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of Nevada. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

10. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a corporation whose primary corporate address is in Nevada.  Defendant, is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (10).  Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of Nevada and within this judicial district.

**FACTUAL ALLEGATIONS**

11. Starting March 26, 2016, Defendant began making phone calls to Plaintiff's cellular telephone even though Plaintiff had never had any previous business relationship with Defendant.

12. Over the past approximately eight months, Defendant contacted Plaintiff's cellular telephone numerous times.  For example, Plaintiff received calls on his cellular telephone from Defendant as follows:

    From:           8008808282
    Date and Time:  Mar 26, 2016 at 8:02AM

    From:           8008808282
    Date and Time:  Mar 30, 2016 at 6:24PM

    From:           8008808282
    Date and Time:  Mar 30, 2016 at 6:27PM

    From:           8008808282
    Date and Time:  Apr 9, 2016 at 9:01AM

    From:           8008808282
    Date and Time:  May 4, 2016 at 3:39PM

    From:           8008808282
    Date and Time:  May 9, 2016 at 10:17AM.

13. Prior to March 26, 2016, Plaintiff never provided Defendant any consent whatsoever to be contacted on his cellular telephone utilizing an "automated telephone dialing system."

14. The phone calls placed to Plaintiff's cellular telephone were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A).

15. On more than one occasion, Plaintiff answered his phone and heard a pre-recorded message saying "Hello" and that "this call was an attempt to collect a debt."

16. On information and belief, Defendant called Plaintiff in order to collect a debt that was not owed by Plaintiff.

17. The telephone number that Defendant, or its agent called was assigned to a cellular telephone service for which Plaintiff incurred a charge pursuant to 47 U.S.C. § 227 (b)(1).

18. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

19. At no time did Plaintiff provide Defendant or its agents with prior express consent to receive unsolicited text messages, pursuant to 47 U.S.C. § 227 (b)(1)(A).

20. These telephone calls by Defendant, or its agents, violated 47 U.S.C. § 227(b)(1).

21. Defendant's actions were willful under because Defendant was aware that it was contacting Plaintiff on his cellphone.  Defendant was also aware that it had no prior express consent from Plaintiff to contact him on his cellular phone.

22. Plaintiff suffered an invasion of a legally protected interest when Defendant contacted Plaintiff on his cellular phone when Defendant had no right to do so, an invasion of Plaintiff's right to privacy.  The TCPA protects consumers like Plaintiff from this precise behavior.

23. Plaintiff has a common law right to be protected from invasions of his privacy. *E.g.*, Samuel D. Warren & Louis D. Brandeis, The Right to Privacy, 4 Harv. L. Rev. 1155, 193 (1890).  Congress sought to further protect that right by enacting

the TCPA. "Banning such *automated* or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion." TCPA, Pub.L. No. 102–243 at § 12 (emphasis added); *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

24. Plaintiff was affected personally because when he realized the behavior of Defendant described above (continuous and illegal phone calls), Plaintiff felt that his privacy had been invaded by Defendant who had no right to contact Plaintiff's private cellular phone.

25. The injury suffered by Plaintiff is concrete because Defendant's violations caused Plaintiff to suffer an invasion of privacy. In enacting the TCPA, Congress specifically sought to protect consumers from invasions of privacy and created restrictions on contact to people's cellular telephones.

26. Further, Defendant's violations also cause Plaintiff to suffer a real and concrete harm because when Defendant called Plaintiff, Plaintiff's time was wasted on phone calls with Defendant when Defendant had no right to contact Plaintiff. Defendant also consumed and wasted Plaintiff's cellphone battery life. Plaintiff also suffered from frustration and annoyance which the TCPA was enacted to prevent. *See*, *e.g.*, *Mey v. Got Warranty, Inc.*, No. 5:15-CV-101, 2016 U.S. Dist. LEXIS 84972, at *8 (N.D.W. Va. June 30, 2016) ("[S]uch calls also cause intangible injuries, regardless of whether the consumer has a prepaid cell phone or a plan with a limited number of minutes. The main types of intangible harm that unlawful calls cause are (1) invasion of privacy, (2) intrusion upon and occupation of the capacity of the consumer's cell phone, and (3) wasting the

consumer's time or causing the risk of personal injury due to interruption and distraction.").

## CLASS ACTION ALLEGATIONS

27. Plaintiffs bring this action on behalf of himself and on behalf of and all others similarly situated ("the Class").

28. Plaintiffs represent, and is a member of the Class, consisting of:

> All persons within the United States who received any automated or pre-recorded cell phone calls from Defendant without prior express consent within four years prior to the filing of this Complaint.

29. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

30. Plaintiffs and member of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using an unsolicited text message, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduced cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

31. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiffs reserve the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

32. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

33. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    a) Whether, within the four years prior to the filing of this Complaint, Defendant placed any unsolicited text messages (other than a text message made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system to any telephone number assigned to a cellular telephone service;

    b) Whether Plaintiffs and the Class members were damaged thereby, and the extent of damages for such violation; and

    c) Whether Defendant should be enjoined from engaging in such conduct in the future.

34. As a person that received at least one unsolicited cell phone call without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

35. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the

individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

36. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

37. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

38. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

39. Plaintiff and the Class members suffered an invasion of a legally protected interest when Defendant contacted Plaintiff and the Class members on their cellular phone when Defendant had no right to do so, an invasion of Plaintiff's and the Class members' right to privacy. The TCPA protects consumers like Plaintiff and the Class members from this precise behavior.

40. Plaintiff and the Class members have a common law right to be protected from invasions of privacy. *E.g.*, Samuel D. Warren & Louis D. Brandeis, The Right to Privacy, 4 Harv. L. Rev. 1155, 193 (1890). Congress sought to further protect that right by enacting the TCPA. "Banning such *automated* or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion." TCPA, Pub.L. No. 102–243 at § 12 (emphasis added); *see also Martin v.*

*Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

41. Plaintiff and the Class members were affected personally because the behavior of Defendant described above (continuous and illegal phone calls) caused Plaintiff and the Class members to feel that their privacy had been invaded by Defendant who had no right to contact Plaintiff's or the Class members' private cellular phone.

42. The injury suffered by Plaintiff and the Class members is concrete because Defendant's violations caused Plaintiff and the Class members to suffer an invasion of privacy. In enacting the TCPA, Congress specifically sought to protect consumers from invasions of privacy and created restrictions on contact to people's cellular telephones.

43. Further, Defendant's violations also cause Plaintiff and the Class members to suffer a real and concrete harm because when Defendant called Plaintiff and the Class members, Plaintiff's and the Class members' time was wasted on phone calls with Defendant when Defendant had no right to contact Plaintiff or the Class members. Defendant also consumed and wasted Plaintiff's and the Class members' cellphone battery life. Plaintiff and the Class members also suffered from frustration and annoyance which the TCPA was enacted to prevent. *See, e.g.*, *Mey v. Got Warranty, Inc.*, No. 5:15-CV-101, 2016 U.S. Dist. LEXIS 84972, at *8 (N.D.W. Va. June 30, 2016) ("[S]uch calls also cause intangible injuries, regardless of whether the consumer has a prepaid cell phone or a plan with a limited number of minutes. The main types of intangible harm that unlawful calls cause are (1) invasion of privacy, (2) intrusion upon and occupation of the capacity of the consumer's cell phone, and (3) wasting the consumer's time or causing the risk of personal injury due to interruption and distraction.").

///

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TCPA
## 47 U.S.C. § 227 ET SEQ.

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

46. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff and The Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

47. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
## 47 U.S.C. § 227 ET SEQ.

48. Plaintiff incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

50. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiffs and The Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

51. Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully request the Court grant Plaintiff and The Class members the following relief against Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

52. An order certifying the Class and appointing Plaintiff as Representative of the Class;
53. An order certifying the undersigned counsel as Class Counsel;
54. A declaratory judgment that Defendant's actions as discussed herein is unlawful and an invasion of privacy;
55. An order requiring Defendant, at its own cost, to notify all Class Members of the unlawful acts discussed herein;
56. Injunctive relief stopping Defendant from further TCPA violations;
57. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), for Plaintiff and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B);
58. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;
59. Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

60. An order certifying the Class and appointing Plaintiff as Representative of the Class;
61. An order certifying the undersigned counsel as Class Counsel;
62. A declaratory judgment that Defendant's actions as discussed herein is unlawful and an invasion of privacy;
63. An order requiring Defendant, at its own cost, to notify all Class Members of the unlawful acts discussed herein;

64. Injunctive relief stopping Defendant from further TCPA violations;
65. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), for Plaintiff and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).
66. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
67. Any other relief the Court may deem just and proper.

### TRIAL BY JURY

68. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Dated this 15th day of August, 2016.

KAZEROUNI LAW GROUP, APC

By:   /s/ Michael Kind
      Michael Kind, Esq.
      7854 W. Sahara Avenue
      Las Vegas, NV 89117
      *Attorneys for Plaintiff*